# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STANLEY J. CATERBONE,          :
    Plaintiff,               :
                              :
    v.                     :        **CIVIL ACTION NO. 18-CV-2710**
                              :
LANCASTER CITY BUREAU     :
OF POLICE, *et al.*,          :
    Defendants.           :

## MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                          **JULY  24, 2018**

Plaintiff Stanley J. Caterbone, a frequent *pro se* litigant in this Court,[1] filed this apparent civil rights action against 294 defendants, including various federal, state, and local authorities, based primarily on allegations that the government has been reading and controlling his mind for three decades.  He titles his filing as a "Preliminary Injunction for Emergency Relief" (ECF No. 2), which the Court construes as his Complaint.  He has also filed a Motion for Leave to Proceed *In Forma Pauperis*.  (ECF No. 1.)  On July 21, 2018, Caterbone filed an "Amended Preliminary Injunction for Emergency Relief" (ECF No. 4), which the Court construes to be an Amended Complaint.  For the following reasons, the Court will grant Caterbone leave to proceed *in forma pauperis* and dismiss his Complaint and Amended Complaint.

## I.    FACTS

---

[1] *See, e.g.*, *Caterbone v. Nat'l Sec. Agency*, Civ. A. No. 17-867; *Caterbone v. Obama*, Civ. A. No. 16-4641; *Caterbone v. United States of America*, Civ. A. No. 16-4014; *Caterbone v. Fulton Fin. Corp.*, Civ. A. No. 10-1558; *Caterbone*, Civ. A. No. 09-5205; *Caterbone v. Cty. of Lancaster*, Civ. A. No. 08-2983; *Caterbone v. Lancaster Cty. Police Bureau*, Civ. A. No. 08-2982; *Caterbone v. Comm. of Pa. Dep't of Transp. Bureau of Driver Licensing*, Civ. A. No. 08-2981; *Caterbone v. Fin. Mgmt. Group*, Civ. A. No. 06-4734; *Caterbone v. Wenger*, Civ. A. No. 06-4650; *Caterbone v. Lancaster Cty. Prison*, Civ. A. No. 05-2288.

As noted above, Caterbone has brought suit against 294 defendants, including various federal, state, and local authorities, as well as various individuals and businesses within the Lancaster area. Caterbone's Complaint is voluminous and rambling, totaling 117 pages, including exhibits. The Amended Complaint consists of 49 pages. The Complaint and Amended Complaint contain allegations regarding CIA and FBI programs dating back to the 1940s as well as events in Caterbone's life for the past 31 years. The Complaint and Amended Complaint recount Caterbone's arrests and criminal prosecutions in Lancaster County and Stone Harbor, New Jersey, in 1987, 2005, and from 2006 to 2017. It is not clear how all of Caterbone's allegations relate to each other or give rise to claims against the numerous Defendants, and the Court will not recount all of them here.

To the extent any harmonizing theme can be gleaned from the Complaint and Amended Complaint, Caterbone appears to be alleging that federal, state, and local governments are conspiring against him, attacking him, torturing him, and threatening his life and property, thereby violating various federal criminal and civil rights laws. He further contends that the Lancaster community has participated in the conspiracy against him. The basis for these allegations is Caterbone's contention that, since 1987, he has been a victim of "organized stalking and/or electronic and mind manipulation torture" because of his alleged whistleblowing activities against an international defense contractor. Among other things, Caterbone claims that government authorities are "[b]lanketing [his] dwelling and surroundings with electromagnetic energy [and] [b]ombarding [his] body with debilitating electronic and mind manipulation effects." These attacks have apparently caused Caterbone to develop telepathy. Caterbone also mentions that he has been deprived of sleep, had toxic chemicals introduced into his home, and has been stalked and mobbed *en masse*.

It appears that Caterbone reported the government's mind manipulation activity, as well as all of the other incidents he claims have happened, including perceived personal and business slights, to authorities, but that his concerns were not addressed. Caterbone's Complaint and Amended Complaint also vaguely mention that he has been repeatedly involuntarily committed over the years, most recently in 2016. He also mentions various incidents of false imprisonment, with the most recent incident occurring from November 21 through December 22, 2017, for a stalking charge.[2]

## II.    STANDARD OF REVIEW

The Court will grant Caterbone leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint and Amended Complaint if they are frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As

---

[2] Many of these allegations replicate ones Caterbone raised in previous lawsuits, including *Caterbone v. Nat'l Sec. Agency*, Civ. A. No. 17-867, which was dismissed and closed.

Caterbone is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at \*3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Caterbone's claims fail for many of the reasons his previous lawsuits have not succeeded. Primarily, Caterbone's claims fail because they are factually frivolous. The general theme of Caterbone's numerous voluminous filings is that he has been the victim of telepathic intrusions, government sabotage, and harassment for approximately three decades because he acted as a whistleblower and filed various lawsuits. It appears that Caterbone has linked every adverse event in his life—arrests and involuntary commitments, medical and mental health issues, computer problems, and minor incidents of daily life—to that alleged conspiracy. His allegations appear to be based on paranoia, delusions of grandeur, irrational thoughts, and/or fantastic scenarios that courts have consistently found to lack an arguable basis in fact.[3]

---

[3] *See e.g.*, *DeGrazia v. F.B.I.*, 316 F. App'x 172, 172 (3d Cir. 2009) (per curiam) (concluding complaint was frivolous where plaintiff alleged that "at the age of four, he was the victim of a government-run, Nazi-designed genetic experiment which caused his body to combine with

Accordingly, the Court will dismiss the Complaint and Amended Complaint as factually

frivolous.

Second, the Complaint and Amended Complaint, like many of Caterbone's previous

filings, fail to comply with Rule 8 of the Federal Rules of Civil Procedure. Among other things,

the Complaint contains details about Caterbone's personal and family life, explanations of

various government programs, and cites to numerous articles and statutes whose relevance is

often unclear. "It is so excessively voluminous and unfocused as to be unintelligible" and

"[leaves] the defendants having to guess what of the many things discussed" forms the basis for

the claims against them. *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir.

2011) (per curiam). For that reason as well, the Complaint is subject to dismissal.

Third, to the extent the Complaint and Amended Complaint can be construed as raising

claims under criminal statutes, those claims fail. Criminal statutes do not generally provide a

basis for a litigant's civil claims, and this Court lacks the authority to initiate criminal

proceedings. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S.

164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal

prohibition alone[.]"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per

curiam) ("[T]here is no federal right to require the government to initiate criminal

---

reptile DNA, and that he has since experienced harmful side effects which pose a threat to
others"); *Gale v. Williams*, 154 F. App'x 494, 495 (7th Cir. 2005) (holding complaint was
frivolous where plaintiff alleged that his ex-wife "remained married to him for 18 years 'to use
mind control techniques' and 'inject chemicals' into his 'food and water supply' in her role as an
undercover government agent on a mission to ruin his life"); *Chambers v. Dir., C. I. A.*, No.
CIV.A. 90-3321, 1990 WL 70155, at *1 (E.D. Pa. May 23, 1990) (dismissing complaint as
frivolous where plaintiff alleged "that there is a grand conspiracy of the . . . defendants to harass
the plaintiff through various method including electroshock therapy, telekinesis, voice
synthesizers, hypnotism, mental telepathy, and cybernetics" because "the CIA is concerned about
plaintiff's knowledge of the deaths of such people as Elvis Presley, Gordon Parks, Guy
Lomardo, Judy Garland, Greta Garbo, Ralph Abernathy and Max Weiner").

proceedings."); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[I]t is today beyond

all reasonable doubt that the prosecution of violations of federal criminal law in federal court is a

function of the federal government, not private parties, and federal courts lack the power to

direct the filing of criminal charges[.]" (citations, quotations, and alteration omitted)), *aff'd*, 572

F. App'x 68 (3d Cir. 2014) (per curiam).  In any event, Caterbone "lacks a judicially cognizable

interest in the prosecution or nonprosecution of another," and has no right to a government

investigation.  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Boseski v. N.*

*Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no

cognizable claim against a government entity for its failure to investigate or bring criminal

charges against another individual.").

Fourth, to the extent Caterbone raises constitutional claims under 42 U.S.C. § 1983 and

*Bivens*, he has inappropriately sued several immune defendants.[4]  "Absent a waiver, sovereign

immunity shields the Federal Government and its agencies from suit."  *F.D.I.C. v. Meyer*, 510

U.S. 471, 475 (1994).  Although *Bivens* creates a damages remedy against individual federal

agents for certain constitutional violations, it does not support a cause of action against federal

agencies.  *See id.* at 486; *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001)

(explaining that *Bivens* "is concerned solely with deterring the unconstitutional acts of individual

officers").  Accordingly, there is no legal basis for Caterbone's claims against the various federal

agencies he has sued, including the FBI, NSA, Department of Defense, and the CIA.  There is

also no legal basis for his § 1983 claims against the Pennsylvania State Police, which is entitled

---

[4] Caterbone invokes numerous state and federal statutes in his many filings.  It is not necessary to
address all of those statutes in light of the Court's conclusion that the Complaint and Amended
Complaint are factually frivolous and fail to comply with Rule 8.  However, as the primary legal
basis for Caterbone's claims appears to be § 1983 and *Bivens*, the Court will note additional
problems with those claims.

to Eleventh Amendment immunity and does not constitute a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (per curiam).

Caterbone has also brought suit against various Lancaster County state court judges, as well as the Honorable Edward G. Smith, who presided over several of Caterbone's previous lawsuits in this Court. He also names the Lancaster County District Attorney's Office and District Attorney Craig Stedman as Defendants. Presumably, Caterbone is unhappy with how these judges and prosecutors have handled his civil and criminal matters. Judges, however, are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Nothing in the Complaint suggests that these individuals acted in the complete absence of jurisdiction; therefore, they would be entitled to judicial immunity from Caterbone's claims. Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). Accordingly, the District Attorney's Office and Stedman would be entitled to absolute immunity.

Fifth, the vast majority of Caterbone's constitutional claims are time-barred. Pennsylvania's two-year statute of limitations applies to Caterbone's § 1983 and *Bivens* claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988). The limitations period began to run when Caterbone "knew or should have known of the injury

upon which [his] action is based." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). "If [a] plaintiff's claims are based on discrete acts which give rise to causes of action that can be brought individually, then the continuing violations doctrine does not serve to extend the applicable statute of limitations periods." *Anders v. Bucks Cty.*, No. CIV.A. 13-5517, 2014 WL 1924114, at *4 (E.D. Pa. May 12, 2014); *see also O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). Here, it is apparent that the vast majority of conduct described in the Complaint and Amended Complaint occurred more than two years before the complaint was filed and that Caterbone knew or should have known of the basis for his claims at the time those events occurred. Accordingly, any claims based on events that took place before June 25, 2016—two years before Caterbone filed this civil action—are time-barred.

A Court should generally provide a *pro se* plaintiff with an opportunity to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). Having thoroughly reviewed the Complaint and Amended Complaint, it is apparent that the defects noted above cannot be cured. Accordingly, the Court will dismiss the Complaint and Amended Complaint with prejudice with the exception of the claims discussed below.

There are a few limited allegations in the Complaint and Amended Complaint that could arguably support a timely, plausible claim if divorced from Caterbone's allegations about government mind control and harassment, although they do not give rise to claims as currently pled. As noted above, the Complaint and Amended Complaint vaguely suggest that Caterbone was involuntarily committed at some time in 2016 and that he was falsely arrested and imprisoned on a stalking charge in November of 2017. It is feasible that Caterbone could state a

timely claim against the officials involved in these events.[5]  Accordingly, the Court will dismiss Caterbone's claims based on those events without prejudice to him filing a second amended complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Caterbone leave to proceed *in forma pauperis* and dismiss his Complaint and Amended Complaint.  Caterbone's claims will be dismissed without prejudice, with the exception of any claims based on the events surrounding his involuntarily commitment in 2016 and his arrest and imprisonment on the stalking charge in February of 2016.  In accordance with the Court's Order, which follows, Caterbone will be permitted to file a second amended complaint as to these two claims.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

[5] As Caterbone does not state when in 2016 he was involuntarily committed, the Court cannot discern at this time whether his claim would be untimely.